# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD G. JACKMAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> GENERAL MARK INCH, et al., <br><br> Defendants. | Civil Action <br> No. 18-3038 (RBK) (KMW) <br><br> **MEMORANDUM OPINION AND ORDER** |

**KUGLER, District Judge:**

Plaintiff Donald G. Jackman, Jr., formerly a prisoner confined at FCI Fort Dix New Jersey, sought to proceed in this civil action *in forma pauperis*, without prepayment of fees or security. On May 14, 2018, the Court granted Plaintiff's second application to proceed *in forma pauperis*.

Upon screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court has become aware that courts have dismissed at least three prior federal civil actions as frivolous or malicious, or for failing to state a claim upon which relief may be granted, prior to the filing of the Complaint in the instant matter. *Jackman v. Fed. Bureau of Prisons*, No.12-2414, 2014 WL 12591808, at *3 (D.N.J. June 23, 2014) (citing Plaintiff's cases); *see also In re Jackman*, 532 F. App'x 131, 133 (3d Cir. 2013) (noting Plaintiff's three strike status).

The Prison Litigation Reform Act ("PLRA") prohibits a prisoner from bringing a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Thus, under the statute, if a prisoner has three or more dismissals under 28 U.S.C. §

1915(e), he cannot proceed unless he is in imminent danger of serious physical injury at the time he files the complaint. *See Goodson v. Kardashian*, 413 F. App'x 417, 419 n.2 (3d Cir. 2011) (per curiam) (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)).

Accordingly, since Plaintiff is a litigant with three strikes, § 1915(g) precludes him from proceeding *in forma pauperis* in the case currently before the Court, unless he alleges facts to show that he is in imminent danger of serious physical injury.[1]

The Complaint before the Court does not allege that Plaintiff is in imminent danger of serious physical injury. Plaintiff's claims center around Defendants' failure to notarize a document that he filed with the Supreme Court of the United States.

Consequently, because the Complaint does not contain allegations suggesting that Plaintiff is in imminent danger of serious physical injury, he is not excused from the § 1915(g) restrictions. Thus, the Court will revoke Plaintiff's *in forma pauperis* status, shall not permit Plaintiff to proceed *in forma pauperis*, and direct the Clerk to administratively terminate this case. Plaintiff shall have an opportunity reopen this action by paying the $400.00 filing fee, within thirty days.

Accordingly, IT IS on this __**6th**__ day of April 2019**,** hereby

**ORDERED** that Plaintiff's *in forma pauperis* status is REVOKED; and it is further

---

[1] It appears that Plaintiff was released at some point after he filed the Complaint. For the purposes of § 1915(g), however, the relevant inquiry is whether a person "brought an action or appeal" "while incarcerated or detained in any facility." 28 U.S.C. § 1915(g); *see Hamilton v. Chisolm*, No. 412-188, 2012 WL 4739953, at *1 (S.D. Ga. Oct. 3, 2012), *report and recommendation adopted*, 2012 WL 4903378 (S.D. Ga. Oct. 16, 2012); *cf. Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager*, 870 F.3d 144, 149 n.8 (3d Cir. 2017); *Harris v. City of New York*, 607 F.3d 18, 21–22 (2d Cir. 2010) ("Had Congress intended that the three strikes rule would no longer apply once a prisoner had been released, it would have written the statutory provision differently.").

**ORDERED** that the Clerk shall ADMINISTRATIVELY TERMINATE this case; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar provided the original complaint was timely; and it is further

**ORDERED** that Plaintiff may have the above entitled case reopened, if, within thirty (30) days of the date of the entry of this Order, Plaintiff pre-pays the $400 filing fee; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case and the filing fee within the time allotted by this Court, the Clerk will be directed to reopen said case; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail.

 **s/Robert B. Kugler**
ROBERT B. KUGLER
United States District Judge